# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:07-cr-062
                                      Civil Case No. 3:13-cv-323

                                        District Judge Walter Herbert Rice
-  vs  -                              Magistrate Judge Michael R. Merz

DEXTER McCAIN,

        Defendant.        :

## REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2255 in which Defendant Dexter McCain complains in several regards of ineffective assistance of trial counsel provided by Assistant Federal PublicDefender Thomas Anderson. As with all post-judgment collateral attacks on criminal judgments filed at Dayton, it has been referred to the undersigned.

The § 2255 Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Upon examination of the docket in this case, the Magistrate Judge finds that McCain was sentenced, pursuant to Plea Agreement and Presentence Investigation Report, on February 27, 2008 (Doc. No. 53).  His judgment of conviction therefore became final March 13, 2008, the last date on which he could have filed an appeal to the Sixth Circuit. McCain's § 2255 Motion was not filed until September 18, 2013, five and one-half years later.  In the timeliness section of the Motion, he attempts to excuse his delay by saying Mr. Anderson promised to file an appeal on his behalf and he only found out that Anderson did not do so when he received a letter from the Sixth Circuit saying that no appeal had been filed (Doc. No. 59).  McCain's inquiry to that court was answered the same day it was received, January 9, 2013, nearly five years after the judgment

of conviction became final.  Waiting five years to find out whether or not an appeal has been filed simply does not show due diligence.

It is therefore respectfully recommended that McCain's § 2255 Motion be dismissed with prejudice as time-barred.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 24, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).