IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,      :

        Plaintiff,

                     Case No. 3:07-cr-62(1)

     v.             :

                     JUDGE WALTER H. RICE

DEXTER McCAIN,

        Defendant.     :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S
MOTION TO REDUCE OR MODIFY SENTENCE PURSUANT TO 18
U.S.C. § 3582(c)(2) (DOC. #68)

---

Defendant Dexter McCain pled guilty to Conspiracy to Distribute and

Possess with Intent to Distribute in Excess of 5 Kilograms of Cocaine (Count I) and

Possession of a Firearm in Furtherance of a Drug Offense (Count II). He was

subject to a ten-year mandatory minimum sentence on Count I. On January 14,

2008, he was sentenced to 144 months on Count I, and 60 months on Count II, to

be served consecutively to each other.

This matter is currently before the Court on Defendant's Motion to Reduce

or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Doc. #68. As a general

rule, a court has no authority to modify a previously-imposed sentence. However,

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant . . ., the court may reduce the

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant relies on Amendment 782 (effective November 1, 2014) to the United States Sentencing Guidelines ("USSG"), which altered USSG § 2D1.1 by making an across-the-board two-level reduction in the drug offense tables. Amendment 782 was made retroactive by Amendment 788. Defendant argues that, because he was sentenced to a term of imprisonment based on a sentencing range that has now been lowered by the Sentencing Commission, he is eligible for a reduced sentence.

The Government, however, argues that, because Defendant was classified as a career offender, he is not eligible for a sentence reduction.[1] *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) ("This Court has consistently held that a defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on [an amendment to the drug-quantity table].") (internal quotation omitted).

_____

[1] In the alternative, the Government urges the Court to deny Defendant's motion because the sentence imposed was sufficient, but not greater than necessary to achieve the goals of punishment. Because the Court finds that Defendant is not eligible for a reduced sentence, it does not reach this argument.

At the sentencing hearing, the Court found that, under USSG § 2D1.1(b)(1), Defendant's base offense level on Count I was 32. This was reduced by 2 points for acceptance of responsibility and 1 point for timely notification of intent to plead guilty, resulting in a net offense level of 29. The Court then noted, however, that Defendant was a career criminal. Accordingly, under USSG § 4B1.1A, his base offense level was increased to 37. With the 3-level reduction for acceptance of responsibility and timely notification of intent to plead guilty, the net offense level was 34.

Likewise, although a calculation of criminal history points placed him in Criminal History Category IV, his career criminal status increased this to a Criminal History Category VI. When the gun charge (Count II) was factored in pursuant to USSG § 4B1.1(c)(2)(A), this resulted in an advisory sentencing guideline range of 322-387 months.

In determining an appropriate sentence, the Court used "two different approaches. Both of which lead to the same result." Doc. #76-1, PageID#452. First, the Court found that the Criminal History Category VI significantly overrepresented the seriousness of Defendant's past criminal conduct; it therefore departed downward to a Category IV. It also found that the base offense level of 37 overrepresented the seriousness of the offense charged in Count I because, although the conspiracy was complete, "the object was not carried out and as a

practical matter would not have been carried out."[2]  *Id.* at PageID#455.  The Court

therefore departed downward to a net offense level of 29. Paired with a Criminal

History Category of IV, this resulted in a new sentencing guideline range of 121-

151 months on Count I.

The Court then explained that, even if the advisory guideline range based

on Defendant's career criminal status were 322-387 months, a substantial variance

was warranted based on the factors set forth in 18 U.S.C. § 3553(a).  *Id.* at

PageID##457-61.  The extent of this variance placed the sentence "very close" to

the 121-151 month guideline range computed based on the downward departure

from the career offender guideline range.  The Court sentenced Defendant to 144

months on Count I, two years above the 10-year mandatory minimum sentence.

Defendant is not entitled to a reduced sentence.  The Government correctly

notes that it is irrelevant that the Court departed downward or varied from the

"career offender" guideline range.  Application Note 1 to USSG § 1B1.10,

governing reductions in a term of imprisonment as a result of an amended

guideline range, provides:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered
> only by an amendment listed in subsection (d) that lowers the
> applicable guideline range (i.e., the guideline range that corresponds
> to the offense level and criminal history category determined
> pursuant to 1B1.1(a), *which is determined before consideration of
> any departure provision in the Guidelines Manual or any variance*).

_____

[2]   As part of a sting operation by the U.S. Bureau of Alcohol, Tobacco and
Firearms, Defendant and others agreed to assist an undercover agent in robbing a
drug stash house.  They were arrested before the planned "robbery" took place.

4

USSG § 1B1.10 cmt. n.1 (emphasis added).

Nor does it matter that the Court first computed a base offense level of 32 based on USSG § 2D1.1. As the Court noted at the sentencing hearing, in the case of career offenders like Defendant, the offense levels set forth in USSG § 4B1.1(a) trump otherwise applicable lower offense levels. When a defendant qualifies as a career offender, the "applicable guideline range" is the career offender range. *United States v. Webb*, 760 F.3d 513, 520-21 (6th Cir. 2014). *See also* USSG § 1B1.10 cmt.1(A) (stating that the court is not authorized to reduce a sentence under § 3582(c)(2) where the amendment in question "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).").

Because the career offender guideline range on which the sentence was based was not lowered by Amendment 782, Defendant is not entitled to a sentence reduction under § 3582(c)(2). The case of *United States v. Webb*, 760 F.3d 513 (6th Cir. 2014), is instructive. At the initial sentencing hearing, the district court found the career offender guideline range of 262-327 to be excessive. It varied downward to the mandatory minimum sentence of 240 months. After passage of the Fair Sentencing Act, the defendant moved for a reduction in his sentence under § 3582(c)(2), and the court resentenced him to a term of 188 months. The government appealed.

The Sixth Circuit held that, because the defendant's original sentence was not based on a sentencing range that was subsequently lowered by the Sentencing Commission, he was ineligible for a sentence reduction under the FSA.  The noted that, at the initial sentencing hearing, the district court did not refer to the crack cocaine guidelines.  Rather, it "found that the career offender guidelines were applicable, disagreed with their application to this defendant, and varied downward to the pre-FSA crack cocaine mandatory minimum." *Id.* at 519.

Defendant argues that *Webb* is distinguishable because, unlike the court in *Webb*, the undersigned *did* first calculate what the defendant's guideline range would be under § 2D1.1(b)(1) of the guidelines.  Although this is true, the Court then made it clear that, pursuant to USSG § 4B1.1A, that guideline range was trumped by the career offender guideline.  It was from that *career offender guideline range* of 322-387 months that the Court then departed downward or, in the alternative, varied downward.

In short, Amendment 782 did not lower the career offender guideline range on which Defendant's sentence was based.  Because Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a sentence reduction under § 3582(c)(2).  For this reason, the Court OVERRULES Defendant's Motion to Reduce or Modify Sentence Pursuant to § 3582(c)(2), Doc. #68.

Date: August 12, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE